UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA FELKNER-ELLIOT,

Plaintiff,

v.

P.F. CHANG'S CHINA BISTRO, INC,

Defendant.

Case No 3:24-cv-00160-ART-CLB

ORDER

Before the Court is Plaintiff Patricia Felkner-Elliot's objection to an order issued by Magistrate Judge Carla Baldwin awarding spoliation sanctions against Defendant P.F. Chang's China Bistro, Inc. and granting P.F. Chang's motion for protective order (ECF No. 49.) For the reasons discussed, the Court overrules Felkner-Elliot's objection.

## I. Standard of Review

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014) (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting

*Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

## II. Analysis

### A. Objection to Spoliation Sanctions

Judge Baldwin issued an order finding that P.F. Chang's failure to preserve video evidence required a jury instruction that the video was spoliated, but did not require an instruction directing the jury to presume the information was favorable to Felker-Elliot. (ECF No. 48 at 4–10.) In her objection, Felkner-Elliot argues that the sanction imposed does not cure the prejudice, and that an adverse inference instruction, an evidentiary prohibition preventing P.F Chang's from presenting evidence describing the contents of the video, and a credibility instruction are necessary. (ECF No. 49 at 3–5.)

Federal Rule of Civil Procedure 37(e) provides courts with circumscribed authority to sanction parties for the spoliation of electronically stored information ("ESI"). *Gregory v. State of Montana*, 118 F. 4th 1069, 1079 (9th Cir. 2024).

Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

As a threshold matter, the Court must find that the ESI should have been preserved in anticipation of litigation, that P.F. Chang's failed to take reasonable steps to preserve it, and that video cannot be restored or placed. If these are met, the Court must make the specified findings required by paragraphs (1) or (2) before it imposes a sanction. *See Gregory*, 118 F.4th at 1078.

Under Rule 37(e)(1), a court may order sanctions "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Under Rule 37(e)(2), courts may impose more severe sanctions, either (1) "presum[ing] that the lost information was unfavorable to the party," (2) "instruct[ing] the jury that it may or must presume the information was unfavorable to the party," or (3) "dismiss[ing] the action or enter[ing] a default judgment," but only "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2).

Here, Felkner-Elliot does not argue that Judge Baldwin's determination, that P.F. Chang's did not intend for the video to be auto-deleted, is incorrect. Instead, Felkner-Elliot argues that because the destroyed video is the only objective evidence showing which exit door she used at P.F. Chang's, the current instruction does not cure the prejudice imposed by the lost video. (ECF No. 49 at 3–4.) Felkner-Elliot requests that additional instructions be added including: (1) an adverse-inference instruction; (2) an evidentiary prohibition barring P.F Chang's from "eliciting testimony, argument, or other evidence describing the contents of the lost video or asserting that Plaintiff exited through the right-hand door; and (3) a credibility instruction. (ECF No. 49 at 4–5.)

As a threshold matter, Felkner-Elliot's objection fails to meet the burden under the standard of review, which requires her to demonstrate that Judge Baldwin's order was clearly erroneous or contrary to law. *See Grimes*, 951 F.2d

at 240. Felkner-Elliot does not argue that Judge Baldwin's legal conclusion or reasoning is incorrect, instead, she merely seeks a different remedy.

Additionally, Felkner-Elliot seeks sanctions that are impermissible under Rule 37(e)(1). If a court does not find that the spoliating party acted with the intent to deprive another party of the ESI, then remedies under paragraph (e)(2) are not available. The advisory committee's notes instruct that "[c]are must be taken . . . to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. Felkner-Elliot also fails to argue that the sanction awarded by Judge Baldwin was clearly erroneous or contrary to law.

Accordingly, the Court finds that Judge Baldwin's order was not clearly erroneous or contrary to law and overrules Felkner-Elliot's objection.

**B. Objection to Protective Order**

Judge Baldwin's order found that Felkner-Elliot's Rule 30(b)(6) deposition notice was excessive and improper and precluded from enforcement in its current form. (ECF No. 48 at 13–14.) Felkner-Elliot objects to the extent that Judge Baldwin's order would preclude discovery on building-code and floor-level issues, which she contends are central to this slip and fall case. (ECF No. 49 at 5–7.)

Federal Rule of Civil Procedure 26(c) "confer[s] 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

"The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). A Rule 30(b)(6) deposition requires a corporation to "designate knowledgeable persons"

and "to prepare them to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Because of the burden and responsibilities imposed on the corporation, the deposing party, "must describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

"Courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Wieland v. Bd. of Regents of Nevada Sys. of Higher Educ.,* No. 319CV00724MMDCLB, 2021 WL 4443683, at *2 (D. Nev. Sept. 28, 2021) (internal quotations and citation omitted). "In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others." *Reno v. W. Cab Co.,* No. 218CV00840APGNJK, 2020 WL 5902318, at *2 n.3 (D. Nev. Aug. 31, 2020). "Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics." *Id.*

Felkner-Elliot argues that she should not be limited from discovery regarding: "(1) [t]he floor-level and tile-installation standards applicable to the entrance/exit area; (2) [t]he maximum permissible height discrepancy or slope under Washoe County codes; (3) [m]aintenance and inspection procedures for detecting or repairing missing tiles or uneven flooring; and (4) [a]ny corporate safety or maintenance policies specifically addressing flooring hazards." (ECF No. 49 at 6.) Judge Baldwin's order, however, does not limit Felkner-Elliot's ability to obtain Fed. R. Civ. P. 30(b)(6) testimony on these subjects. Instead, Judge Baldwin's order simply concluded that the current deposition notice was excessive and improper, and granted Felkner-Elliot "leave to reissue a Rule 30(b)(6) deposition notice with appropriately narrowed topics consistent with this order." (ECF No. 48 at 14.) Because requiring Felkner-Elliot to comply with Fed.

R. Civ. P. 30(b)(6) is neither clear error nor contrary to law, the Court overrules Felkner-Elliot's objection.

**III. Conclusion**

IT IS THEREFORE ORDERED THAT Felkner-Elliot's objection (ECF No. 49) is OVERRULED.

Dated this 30th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE